IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONICA LARA,

    Plaintiff,

v.   No. _____

WAL-MART STORES, INC.

    Defendant.

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores, Inc. (properly identified as Walmart, Inc., and hereinafter referred to as "Wal-Mart" or "Defendant"), by and through undersigned counsel, Modrall, Sperling, Roehl, Harris, & Sisk, P.A. (Megan T. Muirhead and Tessa L. Chrisman), hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the State of New Mexico, County of Santa Fe, First Judicial District Court to the United States District Court for the District of New Mexico. Wal-Mart files this notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (diversity of citizenship).

In support of this removal, Wal-Mart states as follows:

**I.   Introduction**

1. On July 13, 2022, Plaintiff Veronica Lara ("Plaintiff") filed a lawsuit against Wal-Mart in the State of New Mexico, County of Bernalillo, Second Judicial District Court, captioned as *VERONICA LARA v. WAL-MART STORES, INC.*, Case No. D-202-CV-2022-03826. A true and correct copy of the Complaint and all other documents filed in the Second Judicial District Court are attached as **Exhibit A**.

2. Plaintiff's Complaint alleges she was injured following an incident at a Wal-Mart store in Socorro, New Mexico on or around July 15, 2019 when "she slipped and fell from spilled liquid, by the bread aisle in the store." Exhibit A, Complaint ¶¶ 4-5. Plaintiff claims that her fall was caused by an unidentified "spilled liquid" on the floor in one of the store's aisles. *Id.*, ¶¶ 5, 7, 8, 14. Plaintiff claims that the spill created a "hazardous condition." *Id.*, ¶ 7. Plaintiff claims to have "suffered and continues to suffer significant personal injuries," as a result of her fall. *Id.*, ¶ 16. The face of Plaintiff's Complaint does not pray for a specific amount of damages.

3. Defendant timely answered Plaintiff's Complaint on October 26, 2022. On that same date, Wal-Mart served written discovery on Plaintiff. *See* Exhibit A, Wal-Mart's Answer to Complaint for Money Damages Arising out of Personal Injury and Certificate of Service, both filed on October 26, 2022.

4. Wal-Mart received Plaintiff's responses to its First Set of Requests for Admission on April 14, 2022, after filing a Motion to Compel Responses to Discovery on March 29, 2023. *See* Exhibit A. Within Plaintiff's discovery responses, in response to Request for Admission No. 1, Plaintiff checked "Admit" for the Request stating, "Admit that you are seeking more than $75,000.00 (Seventy-Five Thousand Dollars), exclusive of interests and costs, as damages in this lawsuit." *See* Plaintiff's Answers to Wal-Mart's First Set of Requests for Admission, attached hereto in relevant part as **Exhibit B**.

5. Removal of this action is timely pursuant to 28. U.S.C. §§ 1441 and 1446(b) as it is filed within 30 days after receipt by Wal-Mart of documentation from which it can be ascertained that this case is removable.

6. In order to ensure protection of its full rights, and to help facilitate the efficient resolution of this matter, Wal-Mart hereby removes this case to this Court.

7. As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Wal-Mart has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. The Procedural Requirements for Removal Have Been Satisfied.

8. The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial District Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

9. Copies of the Complaint, Answer, and all other pleadings filed in the Second Judicial District Court are attached hereto as Exhibit A.

10. A copy of this Notice of Removal is being served on counsel for Plaintiff and filed with the Clerk of the Second Judicial District Court for Bernalillo County, New Mexico, as provided by 28 U.S.C. § 1446(d).

11. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

12. Under the applicable provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) and other applicable statutes, this cause of action is removable to the United States District Court for the District of New Mexico.

## III. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

13. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000).

  **A.**  **Complete Diversity of Citizenship Exists Among The Parties**.

  14.  Diversity jurisdiction is determined "based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (cited authority omitted). Under 28 U.S.C. § 1332, "[d]iversity for purposes of jurisdiction of federal court means total diversity, that is, all parties on one side must have citizenship diverse to those on the other side." *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965).

  15.  Upon information and belief, Plaintiff is, and was at the time this suit was filed, a citizen of the State of New Mexico. Exhibit A, Complaint, ¶ 1.

  16.  Plaintiff has named Wal-Mart Stores, Inc. as the defendant in this case. Wal-Mart Stores Inc. is properly known as Walmart, Inc. *See* Service of Process Transmittal Summary (indicating Walmart, Inc. as the "True Name", attached as **Exhibit C**. Walmart, Inc. is a foreign corporation registered to do business in New Mexico, incorporated in Delaware and having its principal place of business in Arkansas. *See* **Exhibit D**, New Mexico corporation business search information for Walmart, Inc. and Restated Certification of Incorporation of Walmart, Inc.

  **B.**  **The Amount in Controversy Exceeds $75,000.**

  17.  To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

  18.  Pursuant to 28 U.S.C. § 1446(b)(3), if the case is not removable based on the initial pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Pursuant to 28 U.S.C. § 1446(c)(3)(A), discovery responses are considered "other papers" under § 1446(b)(3) to

show that the amount in controversy is above $75,000, triggering removal. 28 U.S.C. § 1446(c)(3)(A) ("…information relating to the amount in controversy…in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)").

19. Here, the face of Plaintiff's Complaint does not pray for a specific amount of damages. Plaintiff instead claims damages for "past and future medical expenses, non-medical expenses, past and future pain and suffering, loss of household services, loss of enjoyment of life, nature, extent and duration of injury, punitive damages, pre- and post-judgment interest and costs…." Exhibit A, Complaint, WHEREFORE section.

20. In her Response to Wal-Mart's Request for Admission No. 1, Plaintiff checked "Admit" for the Request stating, "Admit that you are seeking more than $75,000.00 (Seventy Five Thousand Dollars), exclusive of interests and costs, as damages in this lawsuit." Exhibit B. Wal-Mart received this response on April 14, 2023. "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, fn. 4 (7th Cir. 2013) ("Jurisdictional requests for admission are a common device for determining whether the amount-in-controversy minimums are met"); *Reed v. Allstate Insurance Company*, 2004 WL 7337722 (removal was timely where defendant removed within 30 days of receiving plaintiff's request for admission admitting that her damages exceeded $75,000).

21. In addition, to the amount in controversy which Plaintiff alleges is over $75,000, Plaintiff's states in her discovery responses that because of the alleged incident at Wal-Mart: "My knee damage is permanent and I do not know if it will get worse" and "I am disabled and I was babysitting for my grandkids for some pay. Since the fall at Wal-Mart I cannot drive to pick up

my grandkids anymore." **Exhibit E**, Plaintiff's Answers to Defendant Wal-Mart's First Set of Interrogatories to Plaintiff, Answer to Interrogatory Nos. 21 and 22. Plaintiff's responses also suggest that she intends to seek damages for past medical expenses, potential future medical expenses, past lost earnings or loss of income, and lost future earnings or diminished earning capacity. *See* Exhibit D, Plaintiff's Answers to Interrogatory Nos. 21 – 24.

22. Although Wal-Mart disputes Plaintiff's claims raised in her Complaint, by Plaintiff's own admission in her discovery responses, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied, and this case is appropriate for removal.

23. Federal jurisdiction is thus appropriate pursuant to 28 U.S.C. § 1441.

**IV.   Conclusion.**

24. Wal-Mart has satisfied all requirements for removal and reserves the right to amend this Notice of Removal. If any questions of the propriety of this removal should arise, Wal-Mart requests the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Wal-Mart respectfully requests that this Court assume full jurisdiction over the action as provided by law.

> Respectfully submitted,
>
> MODRALL, SPERLING, ROEHL,
>   HARRIS & SISK, P.A.
>
> By: */s/ Tessa L. Chrisman*
>   Megan T. Muirhead (mmuirhead@modrall.com)
>   Tessa L. Chrisman (tchrisman@modrall.com)
>   *Attorneys for Wal-Mart*
>   P. O. Box 2168
>   Albuquerque, NM 87102
>   505-848-1800 / 505-848-9710

I HEREBY CERTIFY that on this 25th day of April, 2023, I filed the foregoing electronically through the CM/ECF system,

AND I FURTHER CERTIFY that on such date I served Plaintiff's counsel with the Notice of Removal by emailing to the indicated address below:

Augustine M. Rodriguez (rodriguezlaw@yahoo.com)

MODRALL, SPERLING, ROEHL,
  HARRIS & SISK, P.A.

By: */s/ Tessa L. Chrisman*
    Tessa L. Chrisman