IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONICA LARA,

    Plaintiffs,

v.                                                    Civ. No. 23-347 KWR/GBW

WAL-MART STORES, INC.,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL COMPLETE EXPERT DISCLOSURES

THIS MATTER is before the Court upon Defendant Walmart Stores, Inc.'s Motion to Strike Plaintiff's Expert Disclosures and to Limit the Scope of Plaintiff's Treating Physicians' Testimony, or, in the Alternative, to Compel Complete Expert Disclosures ("Motion"). *Doc. 21.* In the Motion, Defendant argues that Plaintiff's expert disclosures are inadequate under the Rules and requests that the Court strike Plaintiff's expert disclosures or compel Plaintiff to provide complete disclosures. *Id.* at 2-3. Defendant also requests that the Court award it reasonable attorney fees for bringing this Motion under Rule 37(a)(5)(A). *Id.* at 10. Defendant filed its Motion on October 31, 2023. To date, Plaintiff has not responded to Defendant's Motion.

Under Rule 26, a party's expert witness disclosure must be accompanied by a written report which includes, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P.

26(a)(2)(B).  If the witness is presented as a hybrid fact/expert witness, the Local Rules do not require a full report, but the party must still provide "a summary of the facts and opinions to which the hybrid fact/expert witness is expected to testify, pursuant to Fed R. Civ. P. 26(a)(2)(C)."  D.N.M.LR-Civ. 26.3(b).  Plaintiff's expert witness list included the names of two doctors that treated Plaintiff after her fall in Defendant's store as well as a single sentence which indicated that each doctor's qualifications will be provided to opposing counsel[1] and that each doctor treated Plaintiff for her broken leg.  *See doc. 19* at 1.  These expert disclosures are clearly inadequate under the Rules because they do not provide any summary of the testimony that either witness is expected to provide.

In addition, under the Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  As noted, Plaintiff failed to respond to Defendant's Motion within the fourteen-day deadline.

Based on the foregoing, the Court will GRANT Defendant's motion to compel. Plaintiff is ordered to provide complete expert disclosures **within fourteen (14) days of the entry of this Order**.  If Plaintiff fails to provide complete disclosures within this time frame, the Court will grant Defendant's motion to strike Plaintiffs' expert

---

[1] Defendant notes that Plaintiff has not provided the qualifications of either witness to Defendant.  *Doc. 21* at 2 n.1.

disclosures. The Court will withhold judgment on Defendant's motion for attorney fees until after the fourteen-day period has concluded.

    **IT IS SO ORDERED**.

                                      _____
                                      GREGORY B. WORMUTH
                                      CHIEF UNITED STATES MAGISTRATE JUDGE